80  235
190s  96

## Catharine McGuire, Patrick O'Toole and Cornelius Hickey v. James H. Gilbert, for the use of Kate McGuire, Adm'x.

1. EXCEPTION—*Must Be Shown by the Abstract.*—It is the duty of plaintiffs in error to show by their abstract any error of the trial court of which they complain.

2. APPELLATE COURT PRACTICE—*Failure to Preserve Exceptions.*— This court can not review the action of the trial court as to any of the evidence offered where parties fail to preserve an exception to the ruling of the court in refusing their offers.

Debt, upon replevin bond. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Verdict and judgment for plaintiff. Error by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed February 23, 1899.

## STATEMENT OF CASE.

Defendant in error (plaintiff below) on a hearing before the Circuit Court and a jury February 23, 1898, procured a verdict finding the issues for defendant in error, debt $5,000 and damages $2,030, the jury having been sworn to try the issues joined, etc., upon which verdict, after overruling a motion for new trial, the court rendered judgment in the usual form, from which plaintiffs in error (defendants below) prayed an appeal. Plaintiffs in error, before the jury was sworn, objected to going to trial, and assigned as a reason that the cause was not at issue, but the court overruled their objection. The record, as it then appeared, showed a demurrer of defendant in error to an amended plea filed April 24, 1897, pending. The abstract does not show what the plea was. The action was on a bond made by plaintiffs in error, conditioned to prosecute a certain replevin suit to effect and without delay, etc. During the trial, after the evidence of defendant in error, plaintiffs in error offered to introduce evidence as to the value of the property in question, and to prove an offer to return the property to the defendant in error, and evidence in support of their plea

filed April 24, 1897, which the court refused, but plaintiffs in error took no exception.

February 28, 1898, during the same term, plaintiffs in error being present, the court amended the record *nunc pro tunc* as of June 12, 1897, to conform to the facts as they were found to appear from the minutes of Judge Adams, who disposed of the demurrer to the amended plea filed April 24, 1897, so as to show that the demurrer to that plea was sustained on June 12, 1897, whereupon plaintiffs in error entered their motion to set aside said verdict and judgment, which was denied. On March 7, 1898, during the same term, on motion of defendant in error, the court, for inadvertence or error on the part of the clerk, set aside the said order and judgment of February 23, 1898, and substituted in lieu thereof the following order, to wit:

"This day comes the plaintiff, by his attorneys, and it appearing to the court that the plaintiff is entitled to a judgment for want of plea herein, wherefore the plaintiff ought to have, and recover of and from the defendants his debt and his damages sustained herein by reason of the premises, thereupon reference is had to a jury to ascertain the amount due and to assess the plaintiff's damages herein. It is ordered that a jury come, who being duly sworn well and truly to ascertain the amount due and to assess the plaintiff's damages herein according to the evidence, say:

"We, the jury, find the debt to be $5,000, and assess the damages at $2,030.

"Whereupon the defendants enter their motion for a new trial, which is overruled and denied by the court, and judgment entered against defendants for $5,000, to be satisfied on payment of $2,030, interest and costs.

"Thereupon the defendants, having entered their exceptions, pray an appeal from the judgment of this court to the Appellate Court in and for the First District of Illinois, which is allowed on their filing their bond and bill of exceptions within thirty days from this date."

On March 19, 1898, plaintiffs in error moved to set aside the order of March 7, 1898, and in support of such motion read affidavits to the effect that the attorneys of plaintiffs in error were not served with notice of the entry of the order of March 7, 1898, and that on February 23, 1898, the

jury was in fact sworn to try the issues and assess the damages, and that the default of plaintiffs in error was not then entered.

The rules of the Circuit Court required notice to plaintiffs in error of any motion, except when they were in default.

Albert H. Meads and M. H. Hoey, attorneys for plaintiffs in error.

Moran, Kraus & Mayer, attorneys for defendant in error.

The doctrine that the Appellate Court has no power to review an error complained of unless an exception has been properly entered at the trial is supported by an unbroken line of authorities, of which we cite the following: Fries v. Fries, 34 Ill. App. 143, where the court say, on page 145:

"But the bill of exceptions in this case shows no exception taken to the action of the court below, and without such exception we have no power to review the action of the Circuit Court."

Mr. Presiding Justice Windes delivered the opinion of the court.

Plaintiffs claim it was error, first, for the court to try the case when it was not at issue; second, to refuse plaintiffs' offer of evidence; third, in amending the record March 7, 1898, without notice to them; and, fourth, to render judgment for the amount of $2,030 damages on the evidence.

As to the first contention, it is sufficient to say that according to the facts, which are not denied, the record at that time to the contrary, however, plaintiffs in error were before the court without any pleading; defendant in error was entitled to a default for want of plea, and while the proceeding of the court was irregular, we are unable to see in what respect plaintiffs in error were prejudiced by it, in view of their subsequent action.

Second. The abstract does not show what the plea of plaintiffs in error was, under which they offered to introduce evidence, and for all we can tell, the evidence offered to support the plea was improper under their plea. It is the duty of plaintiffs in error to show by their abstracts any error of the trial court of which they complain, as has been repeatedly held by this and the Supreme Court.

Moreover, plaintiffs in error failed to preserve an exception to the ruling of the court in refusing their offers. This being so, this court can not review the action of the trial court as to any of the evidence offered. It was too late to make the point on motion for new trial.

Third. While, under a strict construction, it may be said that under the rules plaintiffs' attorneys were entitled to notice of the court's order of March 7, 1898, they were in fact in default from the time the demurrer to their plea was sustained. The record fails to show but that plaintiffs in error themselves received notice of this motion and the entry of the order of this date. If they did, that was sufficient, and this court may presume that such was the fact.

Plaintiffs in error had notice of the amendment of the record made February 28, 1898, which corrected the record to show the fact that the demurrer to their plea was sustained June 12, 1897, and the amendment of the record March 7, 1898, unnecessary. The fact that the jury was sworn to try the issues on February 23, 1898, if it was a fact, could in no way have prejudiced plaintiffs in error. It is elementary that the court may amend its record during the term to conform to the facts, which was all that was done by the order of March 7, 1898. Plaintiffs in error moved to set aside this order, and had their hearing, and they can not now say they were deprived of any right, because they have had their day in court.

Fourth. An examination of the record shows it was sufficient to sustain the judgment for the damages awarded.

There being no substantial error in the record, the judgment is affirmed.